NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LEE WILLIAMS, | No. 21-15908 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00030-DWL |
| v. | |
| METROPOLITAN WATER DISTRICT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

James Lee Williams appeals pro se from the district court's judgment

dismissing for lack of personal jurisdiction his 42 U.S.C. § 1983 action alleging

various federal claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(2).  *Axiom Foods,*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). We affirm.

The district court properly dismissed Williams's action for lack of personal jurisdiction because Williams failed to allege facts sufficient to establish that Metropolitan Water District had such continuous and systematic contacts with Arizona to establish general personal jurisdiction, or sufficient claim-related contacts with Arizona to provide the court with specific personal jurisdiction. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020-25 (9th Cir. 2017) (discussing requirements for general and specific personal jurisdiction); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (plaintiff bears the burden of establishing that the court possesses personal jurisdiction over the defendant).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Williams's opposed motion invoking the continuing violations doctrine (Docket Entry No. 3) is denied.

**AFFIRMED.**